Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 296-0111
Facsimile: (415) 296-7111
Email: SFinley@finleylaw.biz

Attorneys for Plaintiff Charlene Miller

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, a national banking association, ONEWEST BANK F.S.B, QUALITY LOAN SERVICE CORP., and DOES 1-10,<br><br>    Defendants. | Case No.: 13-CV-03106 JSW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: November 8, 2013<br><br>Time: 1:30 PM<br><br>Courtroom: 11, Honorable Jeffrey S. White |

## I. INTRODUCTION

Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee under a Mortgage Pass-Through Certificate, and its servicing bank and agent, OneWest Bank F.S.B. ("OneWest"), foreclosed on plaintiff's property at 241 Farallones Street, San Francisco ("the property") in violation of the automatic stay issued as a result of plaintiff's bankruptcy filing. Defendants were informed of the filing of the bankruptcy petition and proceeded regardless without seeking relief from stay. When requested to reconvey the property to plaintiff, defendants relied upon an Order issued in the bankruptcy of an individual debtor, who had no interest in the property, and which had been issued more than two years prior. Defendants then proceeded to evict plaintiff's two disabled sisters from the property. Now, in their Motion to Dismiss,

defendants rely upon an Order issued in yet another bankruptcy proceeding, again by a debtor who had no interest in the property.

After this action was filed in state court on May 24, 2013, and a Notice of Pending Action recorded on May 30, 2013, Deutsche Bank recorded a Grant Deed of the property to Platinum Investment Group LLC on June 18, 2013.[1]

Defendants' foreclosure of plaintiff's property in violation of the automatic stay is void, and defendants' Motion to Dismiss the Complaint should be denied.

## II. STATEMENT OF FACTS

A Motion to Dismiss under Federal Rule 12(b)(6) is judged upon the face of the pleading, which must state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949 (2009); Federal Rule of Civil Procedure 8(a)(2). The court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201(b), only if a fact is not "subject to reasonable dispute". *Lee v. City of Los Angeles* 250 F. 3d. 668, 689-690 (9th Cir. 2000).

Plaintiff's Verified Complaint for wrongful foreclosure, quiet title, and for damages, removed by defendants from state superior court alleges that: (1) plaintiff was the beneficial owner of the property at all material times (Complaint ¶ 10); (2) on June 18, 2012 at 9:25 AM, plaintiff had filed a Chapter 7 Voluntary Petition in U.S. Bankruptcy Court resulting in an automatic stay (Complaint ¶¶ 11 and 14, Ex. D); (3) defendants were advised of the bankruptcy filing and case number on June 18, 2012 (Complaint ¶¶ 12 and 13); (4) defendants violated the automatic stay by then proceeding with the foreclosure sale and then executing and recording a Trustee's Deed on June 20 and 22, 2012 (Complaint ¶ 14, Ex. C); (5) defendants subsequently

---

[1] Plaintiff's Request for Judicial Notice Exhibit A.

refused to reconvey the property by claiming that the foreclosure was valid in light of an Order for relief from stay filed in the bankruptcy of a debtor who had no interest in the property (Complaint ¶ 15, Ex. E); (6) defendants commenced unlawful detainer proceedings to evict plaintiff's two disabled sisters from the property; and (7) plaintiff tenders to defendants all amounts due and owing under the loan to date, with an appropriate setoff and deduction for any award of damages, sanctions or legal fees occasioned by violation of the automatic stay (Complaint ¶ 19).

### III. LEGAL ARGUMENT

**1. Defendants' Foreclosure of Plaintiff's Property Violated the Automatic Stay and is Void**

The filing of a bankruptcy petition results in an immediate automatic stay of any actions or proceedings taken against a debtor. 11 USC § 362(a)(3) ("any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate"). Any act taken in violation of the automatic stay is void. *In Re: Schwartz* 954 F. 2d 569, 571-572 (9th Cir. 1992) ("[T]he fundamental importance of the automatic stay to the purposes sought to be accomplished by the Bankruptcy Code requires that acts in violation of the automatic stay be void... Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay.").

Defendant's Motion to Dismiss does not dispute the allegations that plaintiff filed a bankruptcy petition prior to the foreclosure, or that defendants were advised of the bankruptcy petition before foreclosure, execution and recordation of a Trustee's Deed. Nor do defendants contend that they sought or obtained relief from stay in plaintiff's bankruptcy. Defendants' Motion relies on their Request for Judicial Notice of an Order entered in the bankruptcy proceedings of Willie Jiles in the U.S. Bankruptcy Court, Central District of California – Riverside Division, terminating the automatic stay and purporting to make the order binding in any other bankruptcy

case purporting to affect the property and filed within two years after entry of the Order (Defendants' Request for Judicial Notice ("RJN") Exhibit 7). The Jiles Order was entered on June 17, 2011, one year prior to plaintiff's bankruptcy petition.

*However, defendants submit no judicially noticeable evidence that the debtor in that case, Willie Jiles, had any interest whatsoever in plaintiff's property.* The only document submitted by defendant in that regard is a Grant Deed recorded July 2, 2009 from plaintiff Charlene Miller to Cydney Sanchez, as Trustee for the 241 Farallones Street Trust (RJN Exhibit 4). The Grant Deed is, on its face, a questionable and disputed document, since <u>it is dated December 5, 2008</u>, and the notarization of plaintiff's signature is <u>dated more than six months later on June 30, 2009</u>. Further, the Grant Deed cites the beneficial owner as being the "241 Farallones Street Trust", but no trust instrument, recorded or otherwise, identifying the beneficiaries of the trust is produced. Creation of a trust requires, among other things, a lawful trust purpose and an identifiable beneficiary. *Calif.-Nevada Annual Conf. of the United Methodist Church v. Saint Lukes* 121 Cal App 4th 754, 767 (2004). California Probate Code §§ 15201-15205. Defendants suggest that the purpose of the trust was not lawful (a foreclosure rescue scheme) and no beneficiary is identified. Consequently, no trust was ever created and plaintiff remained the legal and beneficial owner of the property.

Further, no evidence whatsoever is produced of any transfer by Cydney Sanchez, as trustee, to the debtor Willie Jiles in whose bankruptcy defendants obtained the in rem order upon which they now rely. A Press Release submitted by defendants as RJN Exhibit 15 to the effect that Cydney Sanchez had been indicted in connection with a foreclosure rescue scheme, and which specifically recites the assumption of innocence until proven guilty beyond a reasonable doubt, is objectionable and does not establish any evidentiary link. Accordingly, the court should refuse to take judicial notice of RJN Exhibit 4, the Grant Deed, RJN Exhibit 7 – Order Granting Motion for Relief *In Re: Jiles* bankruptcy, and RJN 15, an FBI Press Release of September 2, 2011.

**PLAINTIFF'S OPPOSITION TO DEEFNDANTS' MOTION TO DISMISS COMPLAINT**

A careful examination <u>of the entire record</u> is required before giving effect to an in rem Order in a separate and unrelated bankruptcy so as to deprive the debtor of the benefit of the automatic stay and relieve the second creditor of the obligation to seek relief from stay. *In Re Fernandez* 212 B.R. 361, 370-2 (C.D. Cal. 1997). In *Fernandez*, the court enforced <u>a 180 day in rem order</u>, finding that the debtors and their transferees had filed five successive bankruptcies to avoid foreclosure. See also *In Re Snow* 201 B.R. 968 (1996) where the court found than an in rem order attaching to the debtor's property was in the nature of an equitable servitude which must "not unduly burden the land beyond what is necessary for that purpose" (at 974). A 180-day window for extraordinary relief is customary because it has been held more than adequate to allow a secured creditor to complete the foreclosure process (at 975).

Plaintiff's Bankruptcy Petition of June 18, 2012 resulted in an automatic stay of proceedings against her, and defendants' foreclosure with no relief from stay violated the automatic stay and is void. Consequently plaintiff is able to state claims for wrongful foreclosure, quiet title, and wrongful eviction since defendant Deutsche Bank is not and has never been the lawful owner of the property.

**2.** **<u>Plaintiff has made a Sufficient Tender – No Tender is Required Where a Transfer is Void</u>**

Plaintiff has tendered to defendant Deutsche Bank of "payment of all monies due and owing under the loan to date, with an appropriate setoff and deduction for any award of damages, sanctions, or legal fees occasioned by defendants' unlawful and wrongful foreclosure, and wrongful eviction." (Complaint ¶ 19).

Defendants contend that this tender was insufficient and that plaintiff has no right to a setoff of any damages which may be awarded under 11 U.S.C. § 362(h). In fact, the tender obligation is excused where (as here) a foreclosure sale is void. *Scott v. Security Title Ins. & Guar.*

*Co.* 9 Cal 2d 606 (1937); see also *Dimock v. Emerald Properties* 81 Cal App 4th 868, 878 (2000) (tender rule applies to a voidable, not void, foreclosure). The terms of the Trust Deed do not preclude the court's right to enter a net judgment of monies payable upon reconveyance of the property. In the event that the court deems plaintiff's tender not to comply with California law, plaintiff respectfully requests the right to amend this portion of the Complaint.

### 3. Plaintiff States a Quiet Title Claim, Which she will Need to Amend Since Defendant Deutsche Bank has now Sold the Property

Defendants argue that plaintiff has no title to the property to assert, since the foreclosure was lawful. However, that argument begs the question of whether the foreclosure sale was void in violation of the automatic stay in bankruptcy. If so, the foreclosure should be set aside and plaintiff's title to the property restored. California Code of Civil Procedure § 760.010 defines a real property claim as a "legal or equitable right to title, estate, lien or interest in property". Plaintiff seeks determination as to her title as at the date of the foreclosure.

Further, in its Motion dated July 10, 2013, defendant Deutsche Bank recites that:

> "The trust... is the owner in fee simple of the property" (Motion at Page 7: 23).

In fact, Deutsche Bank recorded a Grant Deed transferring all right, title and interest in the property to a buyer, Platinum Investments, on June 18, 2013, after plaintiff's Notice of Pending Action was recorded (Plaintiff's RJN Ex. A). Accordingly, plaintiff will seek leave to amend her Complaint to add the buyer as a defendant in interest.

### 4. Plaintiff has a Claim for Wrongful Eviction

Defendants argue that plaintiff may not claim in this action that defendant Deutsche Bank wrongfully evicted her disabled sisters from the property in a separate action, citing the Rooker-

Feldman doctrine. However, plaintiff was not a party to the unlawful detainer action (see Defendant's RJN Exs. 13 and 14), and plaintiff's claim that defendant Deutsche Bank foreclosed on the property in violation of the automatic stay was not in any way adjudicated in that case. By seeking to evict the plaintiff's tenants, defendant has, of necessity, interfered with plaintiff's right to possession and enjoyment of her property as its legal owner.

**5. <u>Plaintiff is not Judicially Estopped from Bringing this Action by Failing to List it as an Asset in her Bankruptcy</u>**

Defendants claim that because plaintiff did not list this claim of wrongful foreclosure in her Bankruptcy Schedules on July 3, 2012, or thereafter, she is now judicially estopped from bringing this action. There is, however, absolutely no evidence that plaintiff engaged in any "cynical gamesmanship", or that plaintiff, who was in pro per in her bankruptcy, was properly informed of her legal rights at the time of the preparation and filing of her bankruptcy schedules, or that any advantage was bestowed upon plaintiff from an abuse of the judicial system.

Under California law, the doctrine of judicial estoppel does not apply to unasserted claims in bankruptcy where the bankruptcy court has not adopted or accepted the truth of the debtor's position. The automatic stay does not constitute prior success (particularly here, where defendants ignored the stay). *Gottlieb v. Kest* 141 Cal App 4th 171, 182-3 (1997); *Jackson v. County of Los Angeles* 60 Cal App 4th 171, 182-3 (2000) (doctrine of judicial estoppel applies where a party takes clearly inconsistent positions in two different proceedings, successfully asserting the first position which was not taken as a result of ignorance or mistake).

**PLAINTIFF'S OPPOSITION TO DEEFNDANTS' MOTION TO DISMISS COMPLAINT**

# IV. CONCLUSION

For the reasons stated, defendants' Motion to Dismiss should be denied.

Dated: July 24, 2013                HENNEFER, FINLEY & WOOD, LLP

                                    By      /s/ Steven C. Finley
                                        Steven C. Finley
                                        Attorneys for Plaintiff Charlene Miller

-8-

**PLAINTIFF'S OPPOSITION TO DEEFNDANTS' MOTION TO DISMISS COMPLAINT**