1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    CHARLENE MILLER,

10              Plaintiff,                          No. C 13-03106 JSW

11       v.

12   DEUTSCHE BANK NATIONAL TRUST            **ORDER REGARDING MOTIONS**
     CO., et al.,                           **TO DISMISS AND TO EXPUNGE**
13                                          ***LIS PENDENS***
                Defendants.
14   _____/

15

16          Now before the Court is the motion by Defendants OneWest Bank FSB ("OWB") and

17   Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Trust

18   2007-FLX-1, Mortgage Pass-Through Certificates, Series 2007-FLX1 Under the Pooling and

19   Servicing Agreement Dated January 1, 2007 (erroneously sued and served as Deutsche Bank

20   National Trust Company, a National Banking Association) ("Trust") (collectively referred to as

21   "Defendants") to dismiss the complaint filed by Plaintiff Charlene Miller ("Plaintiff"), as well

22   as Defendants motion to expunge the *lis pendens*.  The Court finds these motions are suitable

23   for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the Court

24   VACATES the hearing scheduled for December 20, 2013.  Having considered the parties'

25   pleadings and relevant legal authority, for the reasons set forth in this Order, the Court grants

26   Defendants' motion to dismiss and the motion to expunge the *lis pendens*.[1]

27

28

---

[1] The Court GRANTS Defendants' and Plaintiff's requests for judicial notice
("RJN").  *See* Fed. R. Evid. 201.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**BACKGROUND**

This action concerns a foreclosure and trust sale of a property that was sold after Plaintiff, the alleged owner of the property, filed for bankruptcy. Plaintiff alleges that the foreclosure proceedings, as well as a subsequent unlawful detainer action, was done in violation of the automatic bankruptcy stay. Defendants counter that they had an *in rem* relief order from the automatic stay and, thus, move to dismiss Plaintiff's complaint.

The Court shall address additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544.  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).  However, the Court may consider documents attached to the complaint, or documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, as well as other matters of which the Court can take judicial notice, without converting a motion to dismiss into a motion for summary judgment.  *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

**B.    Defendants' Motion to Dismiss.**

**1.    Effect of *In Rem* Relief.**

Defendants argue that all of Plaintiff's claims are meritless because there is an *in rem* order in effect granting relief from the automatic stay for the property at issue.  In 2005, Congress created special relief for creditors when 11 U.S.C. § 362(d)(4) ("Section 362(d)(4)") was added to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").  *In re Alakozai*, 499 B.R. 698 (9th Cir. B.A.P. 2013).  Section 362(d)(4) "permits the bankruptcy court to grant so-called '*in rem*' relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property or ... multiple bankruptcy filings affecting the subject in rem property."  *Id.*  That provision provides, in pertinent part:

> (**d**) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay –
> ...
> (**4**) with respect to a stay of an act against real property ... by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either –

United States District Court

For the Northern District of California

3

**United States District Court**
For the Northern District of California

1

**(A)** transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

2

**(B)** multiple bankruptcy filings affecting such real property.

3

If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. . . .

4

5

6

7

11 U.S.C. § 362(d)(4).

8

As noted by the Ninth Circuit Bankruptcy Appellate Panel, "[a]n order entered under §

9

362(d)(4) has serious implications. By seeking relief under § 362(d)(4), the creditor requests

10

specific prospective protection against not only the debtor, but also every non-debtor, co-owner,

11

and subsequent owner of the property." *In re Alakozai*, 499 B.R. 698. The filing of another

12

bankruptcy case does not affect the order granting relief from the automatic stay. *Id.* (citing 11

13

U.S.C. §§ 362(b)(20), 362(d)(4)); *see also In re First Yorkshire Holdings, Inc.*, 470 B.R. 864,

14

870 (9th Cir. B.A.P. 2012) ("If the court's order granting relief under § 362(d)(4) is recorded in

15

compliance with applicable state law, it is binding in any other bankruptcy case filed in the next

16

two years purporting to affect the same real property").

17

On June 17, 2011, the bankruptcy court entered an order granting relief from the

18

automatic stay for a period of two years with respect to the property at issue. (RJN, Ex. 7.)

19

That order was recorded in the San Francisco Recorder's Office on June 30, 2011. (*Id.*)

20

Plaintiff does not dispute the authenticity of the order from the bankruptcy court or the fact that

21

it was recorded. Instead, Plaintiff argues that Defendants do not submit any judicially

22

noticeable evidence that the debtor in the bankruptcy case, Willie Jiles, had any interest in the

23

property at issue. However, the bankruptcy court could not have issued the *in rem* order unless

24

it found that the filing of the bankruptcy petition was part of a scheme to delay, hinder, or

25

defraud creditors that involved either the transfer of all or part ownership of the real property or

26

multiple bankruptcy filings affecting the real property. 11 U.S.C. § 362(d)(4). According to the

27

*in rem* order, the bankruptcy court made both findings. (RJN, Ex. 7.) To the extent Plaintiff

28

challenges the factual findings made by the bankruptcy court to support its *in rem* order, her

4

United States District Court
For the Northern District of California

1  challenge amounts to a collateral attack of a final order. *In re Alakozai*, 499 B.R. 698. "A final

2  order of a federal court may not be collaterally attacked." *Id.* The *in rem* order "entered under

3  § 362(d)(4) is effective as to anyone holding any interest in the Property, whether or not they

4  are in privity with the debtor." *Id.* (finding that a stay arising from a subsequent bankruptcy

5  petition by a different debtor did not invalidate the trustee's sale of the property at issue were

6  there was *in rem* order granting stay relief in effect).

7         To the extent Plaintiff relies on the case cited in her brief to restrict the ability of this

8  Court to enforce the *in rem* order, her reliance in misplaced. (Opp. at 5 (citing *In re Fernandez*,

9  212 B.R. 361, 370-72 (C.D. Cal. 1997) and *In re Snow*, 201 B.R. 968 (1996).) Both of these

10  cases were issued before the bankruptcy code was amended by the BAPCPA in 2005 to

11  authorize the bankruptcy court to grant *in rem* relief from the automatic stay. *See In re*

12  *Alakozai*, 499 B.R. 698.

13         All of Plaintiff's claims are premised on the theory that Defendants violated the

14  automatic stay. Because Defendants had an *in rem* order providing relief from the automatic

15  stay that was recorded in accordance with state law, Plaintiff's claims fail as a matter of law.

16  Accordingly, the Court grants Defendants' motion to dismiss.

17  **C.    Defendants' Motion to Expunge.**

18         Defendants move to expunge the *lis pendens* recorded by Plaintiff on the grounds that

19  she cannot establish the probable validity of a real property claim. Plaintiff contends that

20  Defendants cannot move to expunge the *lis pendens* because they sold the property and, thus, no

21  longer have any interest in the property. However, pursuant to California Code of Civil

22  Procedure section 405.30, "any party, or any nonparty with an interest in the real property

23  affected thereby, may apply to the court in which the action is pending to expunge the notice."

24  Cal. Civ. Proc. Code § 405.30. "Although non-parties must show they have an 'interest in the

25  real property,'" that requirement is not imposed on parties. *Urenia v. Public Storage*, 2013 WL

26  4536562, *1 (C.D. Cal. Aug. 27, 2013) (citing Cal. Civ. Proc. Code § 405.30). Being a party is

27  sufficient to confer standing to expunge a *lis pendens*. *Id.*

28

5

United States District Court

For the Northern District of California

1       The California *lis pendens* statute requires the trial court to expunge the *lis pendens* if

2 the "claimant has not established by a preponderance of the evidence the probable validity of

3 the real property claim." Cal. Code Civ. Proc. § 405.32. The statute defines "probable validity"

4 to mean that "it is more likely than not that the claimant will obtain a judgment against the

5 defendant on the claim." *Id.* § 405.32. Plaintiff's only argument in opposition to the motion to

6 expunge is to argue that her claims have merit because Defendants violated the automatic stay.

7 As discussed above, the Court found otherwise and held that Plaintiff's claims fail as a matter of

8 law. Accordingly, Plaintiff has not demonstrated the probable validity of her real property

9 claims and the Court therefore grants Defendants' motion to expunge.

10       Defendants also move to recover their attorneys' fees and costs in bringing the motion to

11 expunge pursuant to California Code of Civil Procedure § 405.38. Section 405.38 provides:

12 "The court shall direct that the party prevailing on [a motion to expunge *lis pendens*] be

13 awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court

14 finds that the other party acted with substantial justification or that other circumstances make

15 the imposition of attorneys' fees and costs unjust." Cal. Code of Civ. Proc. § 405.38. Plaintiff

16 does not make any argument or showing that she acted with substantial justification or that

17 there are circumstances that would make the imposition of attorneys' fees and costs unjust.

18 Therefore, the Court will award Defendants their reasonable attorneys' fees.

19       Defendants produced documents demonstrating that their attorneys expended six and a

20 half hours preparing the motion to expunge, at $325 an hour. (Declaration of Sherrill A. Oates,

21 Ex. B.) Defendants' attorneys anticipated spending an additional three hours preparing their

22 reply. Therefore, at $325 an hour, the Court hereby awards Defendants $3,087.50 in attorneys'

23 fees.

24 ///

25 ///

26 ///

27 ///

28 ///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants to dismiss with prejudice and Defendants' motion to expunge.  Within thirty days from the date of this Order, Plaintiff shall pay to Defendants $3,087.50 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: December 11, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California